FILED
United States Court of Appeals
Tenth Circuit

April 7, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LENIS YAJAIRA LOPEZ-MARTINEZ;
LINNEY YAMILETH RODRIGUEZ-
LOPEZ,

     Petitioners,

v.

TODD BLANCHE,[1] Acting United States
Attorney General,

    Respondent.

No. 24-9562
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **CARSON**, **EBEL**, and **FEDERICO**, Circuit Judges.

_____

To obtain asylum for past persecution, a petitioner must generally show, among

other things, that either the government of their home country or forces that the

government was unable or unwilling to control committed the alleged acts of persecution.

When the Board of Immigration Appeals ("BIA") denies relief based on a determination

that the petitioner did not satisfy this requirement, the petitioner must challenge that

---

[1] On April 2, 2026, Todd Blanche became Acting Attorney General. Consequently, his name has been substituted for Pamela J. Bondi as Attorney General, per Fed. R. App. P. 43(c)(2).

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determination on appeal.  Absent such a challenge, we may deny a petition for review on that ground.

Lenis Lopez-Martinez[2] seeks review of the BIA's denial of her motion for reconsideration.  She sought reconsideration of the BIA's dismissal of her appeal, arguing that the BIA misapplied its own precedent and failed to properly consider the record evidence when it affirmed the immigration judge's denial of her application for asylum.  But Petitioner's opening brief does not challenge the BIA's determination that she did not show that the government of her home country or forces that government was unable or unwilling to control committed the alleged acts of persecution.  Our jurisdiction arises under 8 U.S.C. § 1252(a)(1).  We deny her Petition for Review.

## I.

Lenis Lopez-Martinez and her daughter, Linney Yamileth Rodriguez-Lopez, Honduran citizens, illegally entered the United States.  At a removal hearing, Petitioner sought asylum, withholding of removal, and protection under the Convention Against Torture Act ("CAT").

Before the Immigration Judge ("IJ"), Petitioner stated that she dated Osman Rodriguez Hernandez in Honduras and became pregnant with his child in 2005.  She lost contact with him during her pregnancy but encountered Osman again when Linney was seven months old.  Later, he began visiting her home "whenever he wanted."  During

---

[2] Ms. Lopez-Martinez's daughter, Linney Yamileth Rodriguez-Lopez, is a derivative beneficiary of her asylum application.  She presents no claims or arguments distinct from Ms. Lopez-Martinez's arguments.

these visits, Osman sometimes gave Petitioner money, told her she was his property, and forced her to have sex. He was always inebriated when he threatened her.

These interactions continued for years until Petitioner became pregnant by another man. When Osman learned this, he became angry, insulted her, pushed her, and reminded her that she belonged to him. Once, he confronted Petitioner while armed and intoxicated and pointed a gun at Petitioner, Linney, and Petitioner's niece before leaving.

Petitioner fled with her children to stay with her parents. She never reported Osman because she believed the police were corrupt. From 2014 to 2016, Petitioner lived with her parents. Osman did not contact her, and she avoided going into the city for fear of seeing him. In 2016, she left Honduras with Linney, leaving her younger daughter with her parents. Osman has not contacted Petitioner or her family since 2014, although Petitioner fears he could find her if she returns to Honduras.

On June 18, 2019, the IJ denied all relief. The IJ found that Petitioner's proposed particular social groups ("PSGs")—"Honduran women in a relationship they are unable to leave" and "Honduran women viewed as property by virtue of their status within a relationship"—were not cognizable and that Petitioner was not a member of the first PSG because she could leave Osman. The IJ then considered the PSG "Honduran women" and concluded that Petitioner provided insufficient evidence to show Osman threatened to harm her because of her gender and nationality. The IJ also found insufficient evidence that the Honduran government would be unable or unwilling to protect Petitioner if she reported Osman's conduct. Petitioner appealed to the BIA.

The BIA dismissed Petitioner's appeal on April 24, 2024. It denied reconsideration on September 6, 2024. In both decisions, the BIA found no clear error in any of the IJ's findings. Petitioner timely appealed the BIA's denial of her motion for reconsideration.

## II.

Petitioner contends the BIA erred by concluding her proposed PSGs were not cognizable. She also asserts that the BIA disregarded substantial evidence directly tying the persecution she suffered to her membership in her proposed PSGs.

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. Rivera-Barrientos v. Holder, 666 F.3d 641, 645 (10th Cir. 2012). Under the substantial-evidence standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Nasrallah v. Barr, 590 U.S. 573, 584 (2020) (quoting § 1252(b)(4)(B)).

To be eligible for asylum, an applicant must prove by a preponderance of the evidence that she is a "refugee" under the Immigration and Nationality Act. Singh v. Bondi, 130 F.4th 848, 857 (10th Cir. 2025) (citing Rivera-Barrientos, 666 F.3d at 645). "A refugee is a person who is unable or unwilling to return to [her] country of nationality, and unable or unwilling to avail [herself] of that country's protection, because of '[past] persecution or a well-founded fear of persecution on account of' any of five protected grounds," including her membership in a particular social group. Id. at 857–58 (quoting 8 U.S.C. § 1101(a)(42)). To establish past persecution, the applicant must show: "(1) an incident that rises to the level of persecution; (2) that was on account of one of the

statutorily protected grounds; and (3) that was committed by the government or forces the government was either unable or unwilling to control." Id. at 858 (citing Niang v. Gonzales, 422 F.3d 1187, 1194–95 (10th Cir. 2005)).

In her opening brief, Petitioner does not challenge the BIA's conclusion that the Honduran government was neither unable nor unwilling to control her ex-partner, Osman. A petitioner abandons or waives issues that she does not raise in the opening brief. Sawyers v. Norton, 962 F.3d 1270, 1286 (10th Cir. 2020) (quoting Tran v. Trs. of State Colls. in Colo., 355 F.3d 1263, 1266 (10th Cir. 2004)).[3] Because an applicant claiming asylum can establish past persecution only if she shows, among other things, that the government or forces the government was unable or unwilling to control committed the alleged persecution, Petitioner's failure to challenge the BIA's conclusion is dispositive of her asylum claim. See Henriquez-Monge v. Barr, 812 F. App'x 439, 440 (9th Cir. 2020) (unpublished) (concluding that petitioner waived review of independent ground for denying asylum by failing to challenge BIA's finding that government was neither unable nor unwilling to control her ex-boyfriend).

In her reply brief, Petitioner seeks to avoid this result. She contends her failure to challenge the BIA's government-protection conclusion is not dispositive because the

---

[3] Petitioner lists the BIA's "fail[ure] to adequately evaluate whether the Honduran government is unwilling or unable to protect women" as an issue presented on appeal, but this does not prevent her waiver of the issue because she fails to include any argument related to this issue in her opening brief. "It is well-settled in this Circuit that an issue listed but not argued in the opening brief is waived." Blue Mountain Energy v. Dir., Off. of Workers' Comp. Programs, U.S. Dept. of Labor, 805 F.3d 1254, 1259 n.3 (10th Cir. 2015) (quoting Gaither v. Aetna Life Ins. Co., 394 F.3d 792, 810 (10th Cir. 2004)).

BIA's refusal to recognize her proposed PSGs led it to conduct a legally deficient government-protection analysis. In other words, she argues that the alleged flaws in the BIA's PSG analysis undermine its government-protection conclusion. But Petitioner advances this argument for the first time in her reply brief. A party waives arguments she advances for the first time in a reply brief. Sawyers, 962 F.3d at 1286; United States v. Beckstead, 500 F.3d 1154, 1162–63 (10th Cir. 2007) (quoting Hill v. Kemp, 478 F.3d 1236, 1250–51 (10th Cir. 2007)).

Even if Petitioner did not waive this argument, she identifies no authority requiring the PSG analysis to precede the government-protection analysis or holding that a government-protection conclusion is legally deficient unless the BIA first correctly identifies the Petitioner's PSG.

Petitioner argues that under our decision in Niang, the PSG analysis must precede the government-protection analysis and Niang establishes that the government-protection analysis is meaningful only if the BIA first correctly identifies the PSG at risk. We disagree. In Niang, the BIA failed to address the petitioner's claim that she suffered female genital mutilation on account of her tribal membership, and we remanded for the BIA to evaluate that claim. 422 F.3d at 1201–02. We then outlined the steps for the BIA to take on remand if it found persecution on account of a protected ground. We explained that the BIA would next need to consider whether the government or forces the government was unable or unwilling to control committed the persecution. Id. Thus, Niang provided guidance for the BIA on remand, but did not hold, as Petitioner suggests, that the PSG analysis must precede the government-protection analysis or that a

government-protection conclusion is meaningful only if the BIA correctly identifies the Petitioner's PSG.

Because Petitioner waived her challenge to the BIA's government-protection conclusion, we DENY THE PETITION FOR REVIEW.

Entered for the Court

Joel M. Carson III
Circuit Judge